### No. 77

### SCOTTDALE MFG. CO. v. TILLOTSON & WOLCOTT CO.

### No. 20185. Supreme Court

On motion to certify. Dock. Nov. 22, 1926, 4 Abs. 790.

**587. GUARANTY**—Where an agreement is entered into whereby one party agrees to finance certain manufacturing contracts and to receive as compensation therefor a certain percentage of gross profits, is this such beneficial interest as will render said party primarily liable in the event of default by the other party to said agreement?

The Tillotson & Wolcott Co., one of the defendants herein, in November 1915, contracted with the Cleveland Machinery & Supply Co. to supply it with the necessary funds to enable it to procure and pay for the manufacture of certain large lathes of a special design for the manufacture of shells. The Cleveland Co.'s plan of operation was to secure orders for said lathes and to contract for their manufacture in the plants of other companies, it having no credit or capital of its own other than patents, plans, etc., pertaining to said lathes.

By the terms of the contract, the Cleveland Co. was to submit all proposed contracts to the Tillotson & Wolcott Co. which company might then elect to finance said contracts and if it so elected, was to receive 17½% of the gross profits as compensation. It was further provided that a contingency fund be created

## PUBLISHER'S COLUMN
# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio,

under the Act of March 3, 1879.

Issued Every Saturday            50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance.......$15.00

Single Numbers ...............................  .35

When cash is mailed to us in advance
20 per cent discount

RENEWALS not prepaid (per mo. $1.25)........$15.00

No discount allowed after expiration date

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

Address all mail communications to P. O. Box 2455,
Cleveland, O.

---

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their application is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

---

by deducting certain amounts for every lathe bought and sold, said sums to be deposited with a trustee and to be held for the purpose of "meeting any emergency in connection with the manufacture and sale of said lathes," and further that upon the termination of the contract, 17½% of said fund should be retained by the Tillotson & Wolcott Co.

In 1916 the Cleveland Co. contracted with the Scottdale Machine & Manufacturing Co. for 25 of the lathes at a contract price of $50,000. The lathes to be manufactured under this contract were to be purchased from the Cleveland Co. and the defendants herein by the Baldwin Locomotive Co., although this fact was not communicated to the Scottdale Co. nor was it referred to in the manufacturing contract. The terms of payment between the Cleveland Co. and the Scottdale Co. were that the entire amount of each shipment be paid by the buyer to the seller upon presentation of proper certificates of inspection executed by the buyer after manufacture of such lathes, accompanied by carrier's bill of lading. The contract was to become operative upon seller being satisfied of buyer's ability to meet these drafts upon presentation; and there was to be no cancellation of this contract if performance of the seller was in accordance with the contract.

The Tillotson & Wolcott Co. soon after guaranteed the Scottdale Co. that it would guarantee payment of the price under the contract with the Cleveland Supply Co. and the Scottdale Co. and set forth the pro rate amounts the associates of the Tillotson & Wolcott Co. assumed to become liable for.

The first lathe was completed by the Scottdale Co. within the time limit set forth in the contract; but the Cleveland Co. notified it that the contract would have to be cancelled because its buyer had cancelled. The Tillotson Co. notified the Scottdale Co. that the guaran-

tee was no longer in effect. Judgment was recovered in the U. S. District Court against the Cleveland Co. for $11,250, and same being uncollecable, suit was instituted in the Cuyahoga Common Pleas against the Tillotson & Wolcott Co. to recover this amount with interest. Judgment in the Common Pleas was in favor of the Scottdale Co. but the Court of Appeals reversed the judgment and the case was taken to the Supreme Court where it is contended:

1. That the Court of Appeals committed probable error in that it decided the case solely upon a narrow construction of the letter of guarantee written by the Tillotson & Wolcott Co. to the Scottdale Co.

2. It refused to construe said guarantee in the light of the contract of the Tillotson & olcott Co. with the Cleveland Co. although expressly referred to therein, said contract showing the Tillotson & Wolcott Co. had a financial interest in the contract between the Scottdale Co. and the Cleveland Co.

3. In that the Court of Appeals drew a distinction between damages arising out of a contract and "amounts due under a contract," holding specifically that the lett erof guarantee did not cover damages.

4. That the Court of Appeals refused to follow the principle that where a guarantor or surety has a beneficial interest in the principal contract, he becomes primarily liable.

5. The Court of Appeals refused to consider that the contract between the Cleveland Co. and the Scottdale Co. provided against cancellation if the latter was not in default.

It is contended that in the Tillotson Co.'s letter of guarantee there was no condition precedent to its liability, said letter merely showing an intention to provide a means of payment in normal performance of the contract.

Attorneys—Maurer, Bolton & McGiffin for Scottdale Co; Tolles, Hogsett, & Ginn for Tillotson & Wolcott Co; all of Cleveland.